CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

March 20, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **RYAN MARTEZ TURNER,** | ) |
| Petitioner, | ) Case No. 7:22CV00561 |
| v. | ) **OPINION** |
| **HAROLD CLARKE, DIRECTOR,** | ) JUDGE JAMES P. JONES |
| Respondent. | ) |

*Ryan Martez Turner*, Pro Se Petitioner; *Craig W. Stallard*, Senior Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for the Respondent.

In this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, Petitioner Ryan Martez Turner, a Virginia inmate proceeding pro se, contends that his confinement pursuant to a 2008 state court judgment is unconstitutional. Upon review of the record, I conclude that the respondent's Motion to Dismiss must be granted because Turner's habeas claim is procedurally barred and his Petition was not timely filed.

I. BACKGROUND.

A grand jury in the Circuit Court of Buckingham County charged Turner with capital murder and related offenses in the killing of Clarence Austin by

gunshot, CR07000051-00 to CR07000051-08.[1]  After the crimes, Turner fled the jurisdiction.  According to him, his codefendants Claude Booker and Theodore Timberlake, informed authorities that Turner was the triggerman.  Booker reached a plea agreement under which he received a ten-year sentence of imprisonment and the prosecution moved to dismiss all charges against Timberlake.

Law enforcement ultimately apprehended Turner in Delaware.  Back in Buckingham County, Detective Mabry conducted an interview with Turner that allegedly lasted two hours and eleven minutes.  At Turner's preliminary hearing, Mabry testified that he made a recording of his interview with Turner and retained it on a DVD, but did not have it transcribed.  According to Turner, defense counsel's file did not contain a DVD or transcript of this interview.  Turner's state habeas counsel obtained access to a DVD with labeling that suggested Turner's interview might be included on it, but counsel could not play this DVD.  When habeas counsel complained to the Commonwealth Attorney's office, staff provided him with a flash drive that contained only a five-minute portion of the interview.  In that five-minute segment, Turner stated that codefendant Booker was the shooter.

---

[1] The facts related in this summary of events are taken from Turner's Petition or the Memorandum in Support of the Motion to Dismiss and verified, where possible, by state court records available online.  Turner has not disputed the accuracy of Respondent's account of the circuit court criminal proceedings.

In the criminal proceedings, Turner reached a plea bargain whereby all charges against him would be dropped in exchange for his guilty plea to a reduced charge of first-degree murder and a charge of use of a firearm to commit a felony. The circuit court accepted Turner's guilty pleas on March 6, 2008. According to Turner, sentencing guidelines showed a range of twenty-four years and five months to forty years and eight months, with a mid-point of thirty-two years and six months. On May 7, 2008, the court sentenced Turner to fifty years on the murder charge, with thirteen years suspended, and three years on the firearm charge. Turner did not appeal his convictions or sentences to the Court of Appeals of Virginia or the Supreme Court of Virginia.

On August 31, 2018, by counsel, Turner filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Buckingham County, CL18000337-00. In summary, he claimed that the Commonwealth failed to provide the defense with copies of Turner's pretrial statement to law enforcement and failed to reveal during the guilty plea hearing the circumstances surrounding the shooting of the victim.[2]

---

[2] In the state habeas petition, Turner asserted:

> The failure of both the Commonwealth's Attorney and defense counsel to reveal at the guilty plea colloquy that Turner had shot Austin after Austin, without warning, attacked Timberlake in the back seat of a moving vehicle, causing the driver, Sims, to lose control of the vehicle, the 307-pound Austin being on top of Timberlake and presenting a grave threat to the life and well-being of Timberlake and others, constituted a constructive fraud on the court which tolled the running of the statute of limitations.

Turner also raised numerous claims that trial counsel provided ineffective assistance.

The circuit court dismissed Turner's habeas petition as untimely filed under Va. Code Ann. § 8.01-654(A)(2)[3] and denied a Motion for Reconsideration on July 17, 2020. Pet. Attach. A at 20–24, ECF No. 1-1. Turner appealed to the Supreme Court of Virginia, which refused the appeal on June 29, 2021, Record No. 201282. Br. Supp. Mot. Dismiss Ex. F, ECF No. 15-6. On October 6, 2021, the Supreme Court denied Turner's petition seeking a rehearing. *Id.* at Ex. G, ECF No. 15-7.

This court received and docketed Turner's § 2254 petition on September 30, 2022. Turner claims that he "had the right to present mitigating evidence, evidence that tends to diminish his culpability for his crime," but "the prosecution impermissibly withheld statements during the sentencing phase as such deprived him of his federal right to present" such evidence.[4] Pet. Attach. A at 4, ECF No. 1-1. As relief, Turner seeks "a new sentencing trial." *Id.* at 8.

---

Br. Supp. Mot. Dismiss Ex. A, at 12, ECF No. 15-1.

[3] Section 8.01-654(A)(2) requires that a habeas corpus petition challenging a criminal judgment that the defendant did not appeal must be filed within two years from the entry of the judgment.

[4] Turner mentions that he met with law enforcement officers in August and December 2017, made a detailed statement about unspecified events, and was promised an unspecified deal for his cooperation in an unspecified investigation. Turner's habeas counsel allegedly found no record of these meetings in the records of Turner's criminal proceedings. On the allegations provided in Turner's Petition, I cannot find that his

Respondent has filed a Motion to Dismiss, arguing that Turner's federal habeas claim is procedurally defaulted, the Petition was untimely filed under 28 U.S.C. § 2254(d)(1), his *Brady* claims have no merit, and he fails to state facts warranting equitable tolling of the federal limitation period. Turner has filed a response, making the motion ripe for disposition.

## II. DISCUSSION.

### A. EXHAUSTION AND PROCEDURAL DEFAULT.

Absent a valid excuse, a state prisoner must exhaust his remedies in the state courts before seeking habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires a petitioner to present the facts and argument of his federal constitutional claims properly to the appropriate state courts up to the highest state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). When a petitioner has no more state remedies available, his claim has been exhausted. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

It is undisputed that Turner failed to present his prosecutorial misconduct claim to the state courts on direct appeal. Therefore, he has failed to exhaust his available state remedies as to the claims in his federal petition. If Turner now raised his *Brady* claim to the state appellate courts, it would be dismissed as

---

dealings with law enforcement in 2017 have any bearing on the timeliness of his § 2254 petition or the merits of the claim that the prosecution withheld information related to his sentencing hearing in 2008.

untimely filed under Va. Code § 8.01-654 (A)(2). This Virginia Code section is an adequate and independent state procedural rules for dismissing Turner's constitutional claim. *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990). Because Turner did not comply with state procedures for exhaustion of his prosecutorial misconduct claim by failing to present it on direct appeal, he is procedurally barred from federal habeas review of that claim unless he demonstrates cause and prejudice for his default. *Id.* Turner fails to make any such showing. While I could dismiss the Petition on grounds of procedural default, I will, instead, dismiss it as untimely filed, for reasons explained herein.

B. TIMELINESS.

The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal filing period is tolled, or stopped, during the time when a properly filed state post-conviction proceeding is pending. 28 U.S.C. § 2244(d)(2).

 I conclude that Turner's Petition was untimely filed under § 2244(d)(1)(A). Under this section, a petitioner has one year from the date on which his conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* The circuit court sentenced Turner on May 7, 2008, and his conviction became final on June 6, 2008, when his time to file an appeal to the Court of Appeals of Virginia expired. Va. Sup. Ct. R. 5A:6 (providing that notice of appeal must be filed within thirty days of final order).[5] The federal habeas filing period under § 2244(d)(1)(A) also began running on June 6, 2008. That period expired on June 6, 2009. Turner signed and dated his federal petition on September 24, 2022, more than thirteen years after his statutory period to file a federal habeas petition had elapsed. Thus, the petition is clearly untimely under § 2244(d)(1)(A).

---

 [5] *Gonzales v. Thaler*, 565 U.S. 134, 149–50 (2012) (holding that when state prisoner does not seek appellate review, judgment becomes final when time for seeking that direct review expires).

Turner's state habeas petition did not toll the running of the federal filing period for two reasons. First, he did not file his state petition until more than eight years after the federal filing period under § 2244(d)(1)(A) had expired. Second, the state petition was not properly filed under state law, a prerequisite for tolling under § 2244(d)(2). As stated, the circuit court dismissed Turner's state habeas petition as untimely because he did not file it within the filing period mandated under Va. Code. Ann. § 8.01-654(A)(2). A state petition dismissed as untimely under state law is not "properly filed" for purposes of tolling under § 2244(d)(2)). *Pace v. DiGuglielmo*, 544 U.S. 408, 412 (2005).

Turner asserts that I should calculate his one-year federal habeas filing period under § 2244(d)(1)(D).[6] This provision starts the clock on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). Turner is apparently claiming that his petition is timely, based on when habeas counsel discovered that the Commonwealth did not provide to Turner's trial counsel a copy of the DVD that included Turner's post-arrest interview with law enforcement. Turner does not state facts, however, showing when habeas counsel, in preparing to file a state habeas petition, discovered the prosecution's alleged failure to

---

[6] Turner does not allege any facts suggesting that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B) (state-imposed impediment to filing) or § 2244(d)(1)(c) (right newly recognized and applied retroactively), and I find no factual basis for tolling under these subsections.

disclose the DVD to the defense. More importantly, Turner does not show why he waited so many years to retain habeas counsel to review records and pursue state habeas relief. Turner was aware that he made post-arrest statements to law enforcement, and he knew the circumstances of the killing. According to his own allegations in the Petition, he learned from testimony at the preliminary hearing that the Commonwealth had a recording of his interview with police. His federal petition fails to demonstrate that he could not with due diligence have discovered, even before his conviction became final in 2008, that the Commonwealth had failed to disclose details of his interview with police and the circumstances of the shooting. In short, Turner provides no evidence showing that he diligently sought to obtain such evidence in the ten years after entry of the Judgment. Without a showing of due diligence, I find no factual basis on which to calculate Turner's federal filing period under § 2244(d)(1)(D). Therefore, I must dismiss Turner's 2254 petition as untimely unless he demonstrates a factual basis on which to invoke equitable tolling.

Equitable tolling is available in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party." *Rouse v. Lee*, 339 F.3d 238, 246

(4th Cir. 2003).[7] A petitioner is "entitled to *equitable* tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.[8] *Pace*, 544 U.S. at 418. When the failure to file a timely petition is a result of petitioner's own negligence or lack of diligence, equitable tolling is not appropriate. *Id.* at 419.

Turner argues that he is entitled to equitable tolling, based on his claim that the prosecution withheld the DVD of his interview, which he could have used somehow to argue for mitigation of his sentence. Turner appears to contend that these events constituted a fraud on the court and that he only learned from habeas counsel that the prosecution did not provide a copy of the DVD to defense counsel. Turner's equitable tolling argument fails for lack of a showing of his own due diligence, however. Turner wants to blame the prosecution, but for equitable tolling purposes, "a prisoner still must exercise due diligence himself." *Gray v.*

---

[7] I have omitted internal quotation marks, alterations, and citations here and elsewhere in this Opinion, unless otherwise noted.

[8] In rare circumstances, a habeas litigant can avoid the time bar and have his federal claims considered on the merits if he can show that failure to consider his habeas claims will result in a miscarriage of justice because he is actually innocent. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). "The miscarriage of justice exception" to the federal statute of limitations for filing a habeas petition applies only in "cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted'" petitioner. *Id.* at 394–95 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Turner fails to point to any new evidence supporting any colorable claim that he is actually innocent of the offenses to which he pleaded guilty, and I find no support in the record for such a finding. Thus, the miscarriage of justice exception cannot excuse Turner's untimeliness.

*Ballard*, 848 F.3d 318, 323 (4th Cir. 2017). Turner knew, from his own experience and testimony at the preliminary hearing, that law enforcement interviewed him after his arrest. Since Turner had received information suggesting his habeas claim prior to his trial, he had the opportunity to investigate earlier to discover any other facts relevant to that claim. He cannot invoke belated discovery of such facts as the trigger for tolling of the statutory filing period to excuse his belated submission of his habeas petition. Because Turner failed to exercise due diligence in discovery of facts necessary to his § 2254 claim, he is not entitled to equitable tolling of the statute of limitations.

### III. CONCLUSION.

For the stated reasons, I conclude that Turner's federal petition was not timely filed under any subsection of § 2244(d)(1) and that he has not established any ground for equitable tolling of the limitation period. Therefore, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

DATED:   March 20, 2024

/s/  JAMES P. JONES
Senior United States District Judge